## WESLEY G. PUTNAM, APT., *v.* JOHN D. WARD'S ADMR.

### *Demurrer.    New Assignment.    Pleading.*

1.  ·Where the plaintiff claims that the defendant's plea of the statute of limitations is not an answer to his new assignment, he should traverse such plea, and not demur.

2.  The plaintiff declared in the common counts, and afterwards new assigned, setting up a contract and a breach thereof within six years and thirty days prior to death of deceased.   The defendant pleaded *non accrevit* within such six years and thirty days, to which plea the plaintiff demurred.   *Held*, that the demurrer should be overruled; that the statute of limitations was a good defence to the contract set out in the new assignment, and that by the demurrer the plaintiff admitted that the facts stated in the plea existed.

This was an appeal from the decision of commissioners on the estate of John D. Ward, deceased.   The case was heard at the May term of the Windsor County Court, 1887, Walker J., presiding.

The plaintiff filed in the County Court by way of declaration the common counts, and filed his specifications thereunder, claiming to recover a balance of $1,682.50, with interest, for work for the deceased from April 10, 1873, to June 30, 1884. To this declaration the defendant estate plead the general issue, non assumpsit within six years and thirty days prior to the death of the said John D. Ward, and *non accrevit* within the same period.   The plaintiff joined issue on the first of these pleas, traversed the last two, and also, as to the plea of non assumpsit, new assigned, setting forth that, on the 10th of April, 1873, he entered into a contract with the said John D. Ward by the terms of which he agreed to labor for the said Ward from then on with a view to assisting him to pay for his farm, stock and tools, which were then heavily encumbered, and that the said John D. Ward on his part agreed that he would at the time of his decease secure to the plaintiff and his wife the title to said farm and property, subject only to the life estate of the wife of the said John D., if she were then living ; further averring that

he had performed said contract on his part, but that the said John D. had neglected to fulfil.

The defendant joined issue in the two traverses of the plaintiff as above, and as to the new assignment plead the general issue, and *non accrevit* within six years and thirty days prior to the death of the said John D. Ward. The plaintiff thereupon joined issue in the plea of the general issue to the new assignment, and demurred to the plea of *non accrevit*. The court overruled the demurrer, and adjudged the plea sufficient; to which the plaintiff excepted. Exceptions passed to the Supreme Court for decision before final judgment.

*C. B. Eddy* and *William Batchelder*, for the plaintiff.

The defendant's pleas rendered it necessary to new assign, otherwise appellant would have been confined, under the pleadings, to transactions within six years and thirty days prior to Ward's death, whereas the transactions in question extended over a period of eleven years before his death. Stephen on Pl., pp. 262 to 269, inclusive; Chitty on Pl., vol. 1, pp. 636 to 639, inclusive; Saunders on Pl., vol. 2, pp. 683 to 685, inclusive.

If the new assignment did not set forth a valid cause of action, the defendant should demur. If it did, he should confess, and avoid or deny. The new assignment does not set forth that Ward, in his lifetime, refused to perform, and, up to the moment of his death, he could have performed, so that until his death, the appellant had no cause of action under the contract. Hence the plea is no answer to the cause of action as set forth in the new assignment, and is demurrable. Again, as it appeared by the new assignment, that the cause of action therein set forth did not accrue before the death of Ward, no time *could* have run on the claim in favor of Ward, and hence a plea of the statute of limitations is bad on demurrer, since of necessity it can be no answer to the new assignment. Stephen on Pl., p. 327, rule 2; Stephen on Pl. p. 280; Saunders on Pl. and Ev., p. 719.

*Davis & Enright,* for the defendant.

This is an action of assumpsit for the breach of a contract, and if that contract was ever broken the statute of limitations would

begin to run from that date, and the plea of *actio non accrevit* would be proper. This is an executory contract. No length of time is alleged as the period during which the plaintiff was to labor, and no time was fixed when the deceased was to convey. Putnam might have called upon Ward to execute the contract, and his refusal to do so would be a breach. If such a breach had occurred six years and thirty days before the death of Ward, the statute of limitations would be a defence, and this is just what the defendant might show under the pleadings as they stand, and could not show unless he could plead the statute in answer to the new assignment. *Canada* v. *Canada*, 6 Cush. 15.

The opinion of the court was delivered by

Ross, J. By the demurrer to the plea, the plaintiff admits that the cause of action set forth in the new assignment did not accrue within six years and thirty days prior to the death of the intestate. The action being assumpsit upon a contract, and the plea a proper one to that form of action, if the fact there admitted is true, the plea furnishes a full defence to the action. But the plaintiff now contends, notwithstanding this admission, that the cause of action set forth in the new assignment must, from the allegation of the breach of the contract therein contained, have accrued within six years and thirty days prior to the death of the intestate, so that the plea is no answer. If this contention is true, the plaintiff should have traversed, instead of demurring to the plea. The traverse would put in issue the allegations of the plea and be consistent with his contention in regard to the allegations of the breach of the contract contained in the new assignment, and the pleadings would be closed. He would have obtained all that he endeavors to reach by the demurrer. By the demurrer he makes an admission which is inconsistent with, and diametrically opposed to his present contention. He cannot be allowed to maintain such inconsistent positions in regard to a single issue tendered by himself by the demurrer. The demurrer was properly overruled, and the many other questions discussed need not be considered.

*The judgment of the County Court is affirmed and the cause remanded.*